UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.G. SWEIGERT,

Plaintiff,

v.

MULTIMEDIA SYSTEM DESIGN, INC.
DOING BUSINESS AS
CROWDSOURCE THE TRUTH
DOING BUSINESS AS
21ST CENTURY 3D, AND

Defendant.
_____/

Case No. 22-12696

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER: (1) SATISFYING SHOW CAUSE ORDER; (2) TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; AND (3) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S PENDING MOTIONS [ECF NOS. 25, 26, 29, AND 30]**

### I.   INTRODUCTION

On January 23, 2023, Plaintiff D.G. Sweigert ("D.G."), proceeding *pro se*, filed a 72-page Amended Complaint. [ECF No. 12]. It names two Defendants: a New York Corporation named "Multimedia System Design, Inc. Doing business as Crowdsource The Truth Doing business as 21st Century 3D" ("M.S.D.I" or "CLOUD Enterprise") and George Webb Sweigert ("Webb"). [ECF No. 1]. The complaint alleges eight causes of actions: (1)"Misappropriation of Right of

-1-

Publicity" against Defendant M.S.D.I; (2) "Public Disclosure of Private Facts -- Against Defendant Violations of Right to Privacy and False Light" against M.S.D.I.; (3) "Intentional Infliction of Emotional Distress" against Defendant M.S.D.I.; (4) "Common Law Tort of Trade Libel" against Defendant M.S.D.I.; (5) "False Advertising – Against Defendant Violations of Lanham Act, 11 U.S.C. § 1125(a). Section 1125(a)" against Defendant M.S.D.I.; (6) "Violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)" against Defendant M.S.D.I."; (7) "Defamation by Implication" against Defendant M.S.D.I; (8) "Vicarious Liability" against Defendant M.S.D.I. [ECF No. 12, PageID.255-69].

For the reasons stated below, the Court will transfer this matter to the United States District Court for the Southern District of New York and **DENY WITHOUT PREJUDICE** all of Plaintiff's pending motions. It is further ordered that the Court Order to Show cause [ECF No. 14] is **SATISFIED**.

## II. Factual Background

The allegations of the complaint are confusing and convoluted; they center on Jason Goodman, the alleged CEO of Crowdsource The Truth, which apparently does business as M.S.D.I, Webb, and D.G. himself. Defendant Webb is Plaintiff D.G.'s brother. [ECF No. 12, PageID.223]. Further, the complaint demonstrates that this case is related to a matter previously before the Court that was transferred to the United States District Court for the Southern District of New York (S.D.N.Y)

involving Webb as a plaintiff, D.G. as an intervenor plaintiff, Jason Goodman Doing Business as Crowdsource The Truth or CLOUD Enterprise as a defendant. See *Sweigert v. Goodman*, [Dkt # 22-cv-10002]. Indeed, the instant lawsuit references the same nucleus of operative facts involving, *inter alia*, alleged defamatory statements made on podcasts and certain video streaming platforms by CLOUD Enterprise and/or its CEO Jason Goodman, that gave rise to the claims in *Sweigert v. Goodman*. See [ECF No. 12, PageID.240].

On January 5, 2023, Plaintiff filed a letter, docketed at ECF No. 6, requesting an additional 30 days to serve defendants and to supplement his earlier filed letter [ECF No. 4], which also requested additional time to serve defendants. He filed two other letters, docketed at ECF Nos. 10 and 11. ECF Nos. 6, 10, and 11 all assert that "Jason Goodman, the sole stockholder of Defendant Multimedia Systems Design, Inc., has named the undersigned as a defendant [sic] the Southern District of New York." Plaintiff also indicated in ECF No. 10 that,

> this creates a thorny issue as the initial complaint in this action (ECF no. 1) may need to be repurposed and filed as a counter-claim in the S.D.N.Y. against Mr. Goodman. As soon as the situation clarifies the undersigned will advise this Court. The undersigned deeply regrets this delay; however, judicial efficiency appears to demand such hesitation.

[ECF No. 10, PageID.88].

On February 7, 2023, Plaintiff filed a Motion for Extension for 30 days to serve Defendants. In that motion he stated,

1. This letter seeks relief in the form of leave of the Court to serve the New York corporation, Multimedia Systems Design, Inc. (M.S.D.I.) and its sole owner. The Plaintiff presents a good cause justification that three (3) expensive and time-consuming service attempts have been made in a good faith, but without effecting service.

2. As shown in the attached documents two (2) service attempts have been made at different addresses listed for M.S.D.I. A third attempt has been made upon the New York Secretary of State that advised the process server that the registered agent address was outside the jurisdiction of the State of New York.

3. Recently, in other litigation, Jason Goodman advised the U.S. District Court for the Southern District of New York (S.D.N.Y.) that he has moved in with his parents in Florida. Initial research indicates this new address is in the vicinity of Boynton Beach, Florida. Additionally, Mr. Goodman, the sole stockholder of Defendant M.S.D.I., has recently published numerous social media videos that depict landmarks in Florida.

4. Therefore, the undersigned respectfully request a discretionary extension of 30 days (to March 8, 2023) to locate and serve Mr. Goodman, the sole owner of M.S.D.I., at his new Florida address.

[ECF No. 23, PageID.410]. The Court granted the motion. [ECF No. 24].

On March 20, 2023, Plaintiff filed a Motion for Declaration of Constructive Service. [ECF No. 26]. In that motion, he states that "Plaintiff has served at least a dozen (12) court filings upon Mr. Goodman an interested attorneys in this manner." [ECF No. 26, PageID.428]. He says this service occurred in New York and via email. He also describes, again, how the lawsuit in S.D.N.Y is related to this lawsuit:

-4-

"this instant litigation has been described in court filings in an S.D.N.Y. action where Jason Goodman is attempting to sue the Plaintiff. . ." [ECF No. 26, PageID.428].

On May 15, 2023, Plaintiff filed a 67-page Motion for Leave of Court to Take Judicial Notice About Actions Involving Defendants. [ECF No. 29]. In that motion, Plaintiff states that "he is attempting to engage licensed private detectives in the State of New York to locate Jason Goodman and serve him with the summons and amended complaint issued in this instant litigation. Meanwhile . . . George Webb has been located in Orlando Florida." [ECF No. 29, PageID.470]. Plaintiff also attached as an exhibit the complaint, brought by Webb, in the S.D.N.Y case.

Plaintiff's final Motion for Leave of Court to Take Judicial Notice About Actions Involving Defendants was filed on June 5, 2023. It asserts yet again that Plaintiff is attempting to locate Jason Goodman in New York. He also attached as an exhibit a Notice of Interlocutory Appeal filed by himself in a S.D.N.Y case docketed at *Goodman v. Bouzy*, 21-cv-10878-AT-JLC. All of the previous discussed motions, ECF Nos. 25, 26, 29, and 30, remain pending.

### III.  Discussion

Venue is proper in the judicial district where either all defendants reside, or where the claim arose, and personal jurisdiction exists. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). A district court may transfer

any civil action to any other district or division where the action may have been brought, for the convenience of parties and witnesses or in the interest of justice. See *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. See *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that the convenience of the parties, trial efficiency, and in the interests of justice favor transferring the present matter to the Southern District of New York. The discernable part of Plaintiff's Amend Complaint makes clear that this action involves himself, Webb, Jason Goodman and Crowdsource the Truth. And it is premised on alleged defamation and unlawful behavior perpetuated

by Goodman and Webb on Crowdsource the Truth's video streaming service or podcasts located in New York. This case emanates from the same locus of operative facts and the same parties involved in the S.D.N.Y litigation. Further, it appears that, based on the motions Plaintiff filed and the allegations of the complaint, most of the evidence, witnesses, and Defendants themselves are located in NY or outside of Michigan. It is unclear whether Plaintiff resides in Michigan, however, Goodman and Crowdsource the Truth are citizens of New York, and D.G. is not a Michigan resident. In fact, Defendant and Plaintiff had an additional case pending in the Southern District of New York already before this action was filed and before the previous action was transferred to S.D.N.Y. See *Goodman v. Bouzy*, et al., No. 21-cv-10878.

The interests of justice and trial efficiency favor transfer to New York where all parties have already conceded personal jurisdiction. 16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, pg. 369 (2021). Whether the court can assert personal jurisdiction over Defendants at this time is unclear. Transferring this action to New York is therefore proper. See *Groesbeck v. Bumbo Int'l Trust*, 2013 WL 3157922, at *2, 2013 U.S. Dist. LEXIS 86973, at *4 (S.D. Tx. June 20, 2013) ("Given the difficult nature of the personal jurisdiction issue, the Court avoids it in this case and ... transfers the matter ... where Defendants have conceded personal jurisdiction exists.").

n

The Court can also transfer this action *sua sponte*. Pursuant to § 1406, *sua sponte* transfer is permissible even when the venue originally selected is proper under 28 U.S.C. § 1391. See *Marshall v. George*, No. 19-cv-923, 2019 WL 8759498, 2019 U.S. Dist. LEXIS 210382 (W.D. Mich. Nov. 15, 2019); see also *Flynn v. Greg Anthony Constr. Co. Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) (discussing how "Congress has enacted a number of statutes that give federal courts the power to transfer cases *sua sponte*," including 28 U.S.C. § 1406).

However, venue for Plaintiff's lawsuit is not proper in the Eastern District of Michigan because it is not clear that the events giving rise to the claims occurred in Michigan or that either Defendant is subject to the personal jurisdiction of this Court, let alone both, as required by the statute. See 28 U.S.C 1391(b) ("A civil action may be brought in—(1)a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2)a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action").

Also, a lack of personal jurisdiction over Defendants does not prohibit the Court from utilizing § 1406's transfer provision. See *Hapaniewski v. City of Chicago*

*Heights*, 883 F.2d 576, 579 (7th Cir. 1989). The statute instructs district courts to transfer "a case laying venue in the wrong division or district" when "the interest of justice" demands. 28 U.S.C. § 1406(a). Here, the Court concludes that proper venue lies where a court retains—and Defendants have already consented to—personal jurisdiction in the Southern District of New York.

## IV. Conclusion

For the reasons stated above, the Court will transfer this matter to the United States District Court for the Southern District of New York and **DENY WITHOUT PREJUDICE** all of Plaintiff's pending motions. It is further ordered that the Court Order to Show cause [ECF No. 14] is **SATISFIED**.

SO ORDERED.

Dated: August 2, 2023                             s/Gershwin A. Drain
                                                  U.S. District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2023, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager